COPELAND v. KRIESE

Appeal from Oakland, Roberts (Farrell E.), J. Submitted Division 2 November 12, 1968, at Lansing. (Docket No. 4,289.) Decided November 26, 1968.

Complaint by Zoe M. Copeland against George E. Kriese and Copeland-Gibson Products Corporation to rescind a contract on the grounds of fraud. Judgment for defendants. Plaintiff appeals. Affirmed.

*Dorothy E. Broeder, John E. Young,* and *Max Isley,* for plaintiff.

*Dykema, Wheat, Spencer, Goodnow & Trigg* (*Brian Sullivan* and *Anthony J. Sapienza,* of counsel), for defendants.

PER CURIAM. Plaintiff succeeded to her deceased husband's 55% interest in an automotive parts manufacturing corporation. The other partner retired, selling his shares to the corporation and plaintiff owned it all.

Defendant, an employee of a manufacturers' representative firm, represented the corporation on a part time basis. As time passed, discussion was had relative to defendant becoming a full time employee and a stock interest transfer to him was discussed. Defendant testified that there was an agreement then made that he should have a part of and direction of the business.

A recapitalization resulted in plaintiff taking preferred stock and defendant buying 52% of the common stock. Plaintiff's 2 sons, who were employees of the corporation also, acquired 48% of the common stock in the same transaction.

Five years later, plaintiff sought rescission on the grounds of fraud on the part of defendant, alleging that she did not realize that she was giving up ownership and alleging a breach of a confidential relationship. The trial court found no fraud and refused rescission.

A review of the record indicates that the trial court's judgment was correct and that it satisfies the requirements of GCR 1963, 517.1. The trial court's finding of absence of fraud answers the other questions raised on appeal.

Affirmed. Costs to defendants.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.